COMMONWEALTH of Pennsylvania, Appellee

v.

Leroy **BRADLEY**, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 28, 2013.

Filed April 30, 2013.

Samantha E. Dunton-Gallagher, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney and Daniel Francis Creedon, IV, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., BOWES, J., and FITZGERALD, J.*

OPINION BY STEVENS, P.J.

Appellant, Leroy Bradley, challenges a judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction for aggravated assault and endangering the welfare of a child.[1] We affirm.

In 2009, on separate occasions, Bradley beat his six-year-old daughter with a belt and a hanger, choked her, and broke her arm. Following a jury trial presided over by the Honorable Denis P. Cohen, Bradley was convicted of aggravated assault, 18 Pa.C.S. § 2702(a)(1), and endangering the welfare of a child, 18 Pa. C.S. § 4304. On July 1, 2011, he was sentenced to seven (7) to fourteen (14) years' imprisonment.[2] Following the denial of Bradley's *pro se* Motion for Reconsideration/Reduction of Sentence, Bradley appealed, challenging the sufficiency of the evidence to support his convictions.[3]

* Former Justice specially assigned to the Superior Court.

1. We note that Bradley's counseled appellate brief mistakenly indicates that he is appealing the denial of post-sentence motions. We remind counsel that when timely post-sentence motions are filed, an appeal properly lies from the judgment of sentence made final by the denial of those post-sentence motions. *Commonwealth v. Kuykendall,* 2 A.3d 559, 560 (Pa.Super.2010).

2. Bradley was represented during trial and sentencing by Attorney William Clemens. He then acted *pro se* for purposes of filing his post-sentence motion and direct appeal, and is currently represented by Attorney Samantha Dunton–Gallagher.

3. We note that the applicable thirty day appeal period expired on Monday, October 17, 2011. While Bradley's *pro se* Notice of Appeal is dated October 14, 2011, it was not filed until October 18, 2011. Our Supreme Court has held that a pro se prisoner's appeal shall be considered to be filed for purposes of Rule 1514(a) when such appeal is deposited with prison officials or placed in the prison

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Bruce*, 207 Pa.Super. 4, 916 A.2d 657, 661 (2007) (*citing Commonwealth v. Frisbie*, 889 A.2d 1271, 1274–75 (Pa.Super.2005)) (citations and quotations omitted). *See also Commonwealth v. Watson*, 426 Pa.Super. 496, 627 A.2d 785, 787 (1993).

■ Bradley first asks us to determine: Is the appellant entitled to an arrest of judgment with regard to his conviction for aggravated assault where the Commonwealth did not prove beyond a reasonable doubt that he acted intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life and where the appellant's conviction was based on speculation and conjecture?

Appellant's brief at 3. In support of this issue, the argument portion of Bradley's

mailbox. *Smith v. Pennsylvania Bd. of Prob. & Parole*, 546 Pa. 115, 683 A.2d 278, 283 (1996). Discussing the evidence acceptable to prove the date of deposit with prison officials, the Court has explained:

As provided in Rule 1514, a Postal Form 3817, Certificate of Mailing, constitutes proof of the date of mailing. In *Smith*, we said that the "Cash Slip" that the prison authorities gave Smith noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing, would also be sufficient evidence. We further stated in *Smith* that an affidavit attesting to the date of deposit with the prison officials likewise could be considered. This Court has also accepted evidence of internal operating procedures regarding mail delivery in both the prison and the Commonwealth Court, and the delivery route of the mail, to decide the last possible date on which the appellant could have mailed an appeal based on the date that the prothonotary received it. *Miller v. Unemployment Compensation Board of Review*, 505 Pa. 8, 476 A.2d 364 (1984). Proof is not limited to the above examples and we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities.

*Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423, 426 (1997).

Here, the certified record contains an October 26, 2011 letter from Bradley explaining that his Notice of Appeal was deposited with Department of Correction authorities for mailing on Friday, October 14, 2011, but because of prison procedure, was not processed until Tuesday, October 18, 2011. Additionally, the docket sheet includes a notation that "Judge ok'd appeal being filed late per Natasha," suggesting that Judge Cohen was amenable to accepting Bradley Notice of Appeal despite its late filing. As such, we will accept Bradley' Notice of Appeal as timely.

brief presents a single argument: Bradley' conviction for aggravated assault must be vacated because Bradley's use of force in breaking his daughter's arm was justified pursuant to 18 Pa.C.S. § 509. Appellant's brief at 9.[4] This ground for reversal was not included in Bradley's Rule 1925(b) Statement, however, which instead indicated that Bradley would be raising the following ground for reversal pertaining to his aggravated assault conviction:

> The defendant is entitled to an arrest of judgment with regard to his conviction for aggravated assault in that the Commonwealth did not prove beyond a reasonable doubt that he acted intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life. The defendant's conviction was based on speculation and conjecture.

Pa.R.A.P. 1925(b) Statement filed 3/9/12.

Although Rule 1925(b) indicates that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court," it also directs that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(v), (vii). In the matter at hand, the error identified in Bradley's Rule 1925(b) Statement may not be deemed to include his appellate brief's Section 509 claim as a "subsidiary issue contained therein which was raised in the trial court," as the Section 509 issue cannot be construed as subsidiary, and was not raised before the trial court in any manner. As such, the Section 509 claim is waived for purposes of appeal. Pa.R.A.P. 1925(b)(4)(vii). *See also Commonwealth v. Hansley,* 24 A.3d 410, 415 (Pa.Super.2011) ("[T]he Rule 1925(b) statement must be 'specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal.'") (citation omitted), *appeal denied,* 613 Pa. 642, 32 A.3d 1275 (2011).

As Bradley has presented no other argument to support his request to overturn his aggravated assault conviction, he has failed to show any reversible error on the part of Judge Cohen, and that conviction will stand. We note that Judge Cohen has authored a comprehensive Rule 1925(a) Opinion in response to Bradley's Rule 1925(b) Statement. Had Bradley provided argument in support thereof, we would still affirm his conviction, relying on Judge Cohen's more than adequate explanation of the factual and legal grounds supporting it:

> · Contrary to the arguments of the defendant, the Commonwealth presented overwhelming evidence to prove the defendant committed Aggravated Assault.[5] All evidence is viewed in the light most favorable to the Commonwealth as the verdict winner, and all reasonable inferences are must be taken in favor of the Commonwealth. *Commonwealth v. Hall,* 574 Pa. 233, 830 A.2d 537, 541–42 (Pa. 2003). To prove the defendant commit-

---

**4.** Section 509 states:

> The use of force upon or toward the person of another is justifiable if:
> (1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian or other responsible person and:

> (i) the force is used for the purpose of safeguarding or promoting the welfare of the minor, including the preventing or punishment of his misconduct; and
> (ii) the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation.

18 Pa. Cons.Stat. Ann. § 509(1)(i)-(ii).

ted Aggravated Assault, graded as a felony of the first degree, there must be sufficient evidence that the defendant attempted to cause serious bodily injury to another, or caused such injury [6] intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S. § 2702(a)(1); see also *Commonwealth v. McClendon*, 874 A.2d 1223, 1229 (Pa.Super.2005).

The Commonwealth presented sufficient evidence that the defendant intentionally inflicted a broken arm upon the victim. The intent to cause serious bodily injury may be proven by direct or circumstantial evidence. *Hall*, 830 A.2d at 542. "In determining whether intent was proven from such circumstances, the fact finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom." *Commonwealth v. Bruce* [207 Pa.Super. 4], 916 A.2d 657, 661 (Pa.Super.2007) (internal quotation marks omitted). Among the factors which are probative of the defendant's intent is the relative size of the victim and the defendant. *Id.* at 661–62. This defendant was an adult man. The victim was a six year old girl. (N.T. 4/11/2011 at 30–32). The defendant took the victim's arm and twisted it behind her back until a bone in the child's arm fractured. (*Id.* at 33, 36, 49; N.T. 4/13/2011 at 12). The natural consequence of an adult twisting the arm of a small child this hard was a fractured bone. Accordingly, the jury properly inferred that the defendant intended that such a fracture would occur. See *Commonwealth v. Burton*, 2 A.3d 598, 603 (Pa.Super.2010) (holding that Commonwealth proved intent to cause serious bodily injury when a defendant struck an older, smaller victim in the head); *Bruce*, 916 A.2d at 661–62.

Additionally, the Commonwealth also provided sufficient evidence under the recklessness *mens rea* standard of aggravated assault. This defendant's actions clearly demonstrated the level of malice which is required under to prove aggravated assault. *See Bruce*, 916 A.2d at 664; See *Commonwealth v. Kling*, 731 A.2d 145, 147–48 (Pa.Super.1999) ("Malice exists where there is a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured."). The manner in which this child's arm was broken was cruel and shocking. This defendant clearly consciously ignored the high risks of injury when he twisted the victim's arm behind her back, fracturing the bone. *See Kling*, 731 A.2d at 147–48 (Pa.Super.1999) (defining the level of recklessness required for aggravated assault). Accordingly, the Commonwealth proved Aggravated Assault under both the recklessness theory and intentional theory.

---

5. The defendant is asserting that [ ] the Commonwealth did not prove beyond a reasonable doubt that he acted intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life.

6. The evidence established that there was a serious bodily injury, nor is the defendant disputing that the victim's injury was serious, so this element does not need to be addressed here.

Rule 1925(a) Opinion filed 6/21/12 at 4–6.

Turning to Bradley's second issue on appeal, he queries:

Is the appellant entitled to an arrest of judgment with regard to his conviction for endangering the welfare of a child where the Commonwealth did not prove beyond a reasonable doubt that the ap-

pellant knowingly endangered the welfare of a child?

Appellant's brief at 3.[5] To the extent that Bradley's appellate brief again only provides supporting argument that his actions were corporal punishment justified under Section 509, we find the allegation waived for the reasons stated above. Even if Bradley had argued the allegation as preserved by his Rule 1925(b) Statement, however, we would again affirm on the basis of Judge Cohen's Rule 1925(a) Opinion, which enunciates as follows:

> The Commonwealth presented overwhelming evidence that the defendant knowingly Endangered the Welfare of a Child. Accordingly, the defendant's assertion that he is entitled to an arrest of judgment with respect to this charge is meritless.

> A parent or guardian, such as this defendant, commits a violation of § 4304 if the parent or guardian knowingly endangers the welfare of the child by violating a duty of care, protection or support. 18 Pa.C.S. § 4304(a)(1). Endangering the Welfare of a Child may either be an omission or, as in this case, an overt action. *Commonwealth v. Miller* [411 Pa.Super. 33], 600 A.2d 988, 990 (Pa.Super.1992). This crime may "include actions which the parent allegedly undertook in order to punish the child for bad behavior." *Commonwealth v. Ogin* [373 Pa.Super. 116], 540 A.2d 549, 553 (Pa.Super.1988).

> The required *mens rea* for a violation of § 4304 is knowing. Similar to Aggravated Assault, the intent of the defendant to endanger the welfare of a child

may be implied from the surrounding circumstances. *See Commonwealth v. Winger*, 957 A.2d 325, 329 (Pa.Super.2008). This defendant's actions clearly demonstrated a knowing violation of his duty to care for the victim. This defendant physically abused the child victim on several occasions. The most serious breach of the defendant's parental duty of care occurred when he twisted the victim's arm, fracturing a bone. (N.T. 4/11/2011 at 33, 36, 49; N.T. 4/1312011 at 16). On a different occasion, the defendant choked the victim which caused a breaking of the capillaries on the victim's face. (N.T. 4/11/2011 at 53; N.T. 4/13/2011 at 9–10). On still another occasion, the defendant beat the victim with a belt and clothes hanger. (N.T. 4/11/2011 at 37). The jury could clearly have found that the defendant was knowingly violating the duty of care by his continued abuse of the victim.

Moreover, the fact that the defendant instructed his daughter to lie to hospital personnel about the cause of her injuries is relevant when considering the defendant's intent. (N.T. at 4/11/2011 at 49–30). It has long been recognized that a defendant's attempts to cover up after a crime can be inferred to demonstrate a consciousness of guilt. *See Cathcart v. Commonwealth*, 37 Pa. 108, 113 (Pa. 1860) ("The fabrication of false and contradictory accounts by an accused criminal, for the sake of diverting inquiry or casting off suspicion, is a circumstance always indicatory of guilt"); *see also Commonwealth v. Hughes* [581 Pa. 274], 865 A.2d 761, 792 (Pa.2004) (noting that

---

**5.** We also note that the argument baldly claims, without any citation to the record, that "the evidence presented at trial demonstrated that with each incident that occurred, appellant was attempting to discipline his child for misbehavior." Appellant's brief at

13. Such failure to properly develop his argument with proper citation to the record would also result in the waiver of Bradley's claim. *Commonwealth v. Smith*, 604 Pa. 126, 985 A.2d 886, 906–07 (2009).

the conduct of a defendant following a crime may be admitted to show guilt) (citing *Commonwealth v. Homeyer* [373 Pa. 150], 94 A.2d 743, 747 (Pa.1953)). If this defendant had not made a knowing violation of his duty, he would not have attempted to cover up his actions after the fact. Accordingly there was sufficient evidence that the defendant knowingly endangered the welfare of the victim.

Rule 1925(a) Opinion filed 3/9/12 at 6–7 (footnote omitted).

For the forgoing reasons, we affirm Bradley's judgment of sentence.

Affirmed.

BOWES, J., Concurs in Result.