J-S47044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROSSY CHATELAIN, | : | |
| | : | |
| Appellant | : | No. 242 MDA 2015 |

Appeal from the Judgment of Sentence Entered December 1, 2014
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0000648-2013,
CP-35-CR-0001584-2014

BEFORE:   ALLEN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 07, 2015**

Rossy Chatelain (Appellant) appeals from the December 1, 2014 judgment of sentence of two to five years' imprisonment following his guilty plea to possession with intent to deliver (PWID) a controlled substance, 35 P.S. § 780-113(a)(30), at trial court docket number 648 of 2013.[1]  We vacate the judgment of sentence and remand for resentencing.

On March 5, 2013, Appellant pled guilty to possessing, "in front of a school zone," 25 grams of heroin with the intent to deliver it.  N.T., 3/5/2013, at 3.  A pre-sentence investigation was ordered, and a sentencing hearing was scheduled for June 3, 2014.  Defendant failed to appear, and

---

[1] At the same sentencing hearing, Appellant was given a sentence of three days to six months of imprisonment following his guilty plea to driving under the influence at trial court docket number 1584 of 2014, which presumably is why that docket number is on the caption of this appeal.

*Retired Senior Judge assigned to the Superior Court.

bench warrants were issued. On December 1, 2014, Appellant was sentenced as indicated above, which included a two-year mandatory minimum sentence pursuant to the drug-free school zones statute at 18 Pa.C.S. § 6317.

Appellant timely filed a post-sentence motion, which was denied by order of December 9, 2014. Appellant *pro se*[2] timely filed a notice of appeal on January 9, 2015.[3] The trial court appointed appellate counsel, who complied with the trial court's order to file a concise statement of errors

---

[2] At the time Appellant *pro se* filed his notice of appeal, his privately-retained plea counsel had not withdrawn his appearance. Normally, hybrid representation is not permitted, and the *pro se* filings of a represented defendant are considered nullities. **See**, **e.g.**, **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). However, our Supreme Court has held that a *pro se* notice of appeal from a final judgment filed by a represented appellant is not automatically void. **Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011). Accordingly, we do not quash this appeal.

[3] Although docketed 31 days after the order denying Appellant's post-sentence motion, we are convinced that the notice of appeal was timely filed for two reasons. First, the docket fails to indicate that the order was served on the parties on December 9, 2014, which is what triggers the start of the appeal period. **See** Pa.R.A.P. 108(a)(1) ("[I]n computing any period of time under these rules involving the date of entry of an order …, the day of entry shall be the day the clerk of the court … mails or delivers copies of the order to the parties…." ). Second, pursuant to the prisoner mailbox rule, the notice is considered filed on the date it was given to prison authorities for mailing. **See**, **e.g**, **Commonwealth v. Bradley**, 69 A.3d 253, 254 n. 3 (Pa. Super. 2013) (explaining prisoner mailbox rule and accepting as timely notice of appeal given to prison authorities before the filing deadline). As the Lackawanna County clerk of judicial records received and docketed the notice on the 31st day, Appellant most likely gave it to prison authorities on or before the 30th day. Therefore, we decline to quash the appeal as untimely filed. **See**, **e.g.**, **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007).

complained of on appeal. However, the trial court did not file an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following question for our review: "Whether the lower court imposed an illegal sentence and erred when it imposed an apparent mandatory minimum sentence for PWID since mandatory minimum sentences have been declared unconstitutional by *Alleyne v. United States*, --- U.S. ---, 133 S. Ct. 2151 (2013), and its progeny?" (Appellant's Brief at 4 ) (unnecessary capitalization omitted).[4]

The drug-free school zone statute under which Appellant was sentenced states that the "provisions of this section shall not be an element of the crime," and that the applicability of the statute shall be determined by the trial court by a preponderance of the evidence. 18 Pa.C.S. § 6317(b).

In *Alleyne*, the Supreme Court held: "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155. Our Supreme Court has held that the portions of the mandatory minimum sentencing statutes which violate *Alleyne* are not severable. *Commonwealth v. Hopkins*, No. 98 MAP 2013, 2015 WL 3949099 (Pa. filed June 15, 2015).

---

[4] Appellant presents three additional questions, all of which challenge the legality or discretionary aspects of his sentence. Appellant's Brief at 4. Based upon our resolution of Appellant's first question, we need not address his additional attacks on his sentence.

- 3 -

Accordingly, the drug-free school zone statute is unconstitutional in its entirety. *See Commonwealth v. Bizzel*, 107 A.3d 102 (Pa. Super. 2014).

Thus, although Appellant pled guilty, and there was no fact finding made in violation of the *Alleyne* holding, Appellant's sentence is illegal and must be vacated. *See Commonwealth v. Valentine*, 101 A.3d 801, 812 (Pa. Super. 2014) (vacating sentence as illegal, although the trial court submitted to the jury for determination beyond a reasonable doubt the fact which increased the minimum sentence, because the unseverability of the unconstitutional portions rendered the statutes unconstitutional as a whole). Indeed, the Commonwealth concedes this point in its brief. Commonwealth's Brief at 3-4 (discussing *Alleyne* and *Bizzel*).

Therefore, we vacate Appellant's judgment of sentence and remand the case for resentencing without consideration of 18 Pa.C.S. § 6317.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/7/2015

- 4 -