J.S13039/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARINA DEE WARNICK, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1385 WDA 2015 |

Appeal from the PCRA Order August 20, 2015
in the Court of Common Pleas of Venango County Criminal Division
at No(s): CP-61-CR-0000688-2011

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:    FILED: March 17, 2016

Appellant, Carina Dee Warnick, appeals from the order entered in the Venango County Court of Common Please dismissing her first Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant avers her sentence is unconstitutional under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013).[2] We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] "[I]n ***Alleyne***, the United States Supreme Court found mandatory minimum sentence enhancements unconstitutional where the facts that increase a mandatory minimum sentence are not submitted to a jury and are not required to be found beyond a reasonable doubt." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1091 (Pa. Super. 2015).

The relevant procedural history underlying the instant appeal is as follows. On August 9, 2012, Appellant pleaded guilty to possession with the intent to manufacture or deliver a controlled substance[3] ("PWID") and possession of a controlled substance.[4] On September 14, 2012, the trial court imposed a mandatory minimum sentence of five to ten years' imprisonment pursuant to 18 Pa.C.S. § 7508(a)(3)(iii). Appellant did not file a direct appeal.

Appellant filed her first *pro se* petition for post conviction collateral relief on February 18, 2015.[5] The PCRA court appointed counsel to represent Appellant on February 24, 2015. Appointed counsel filed a motion for a hearing[6] on March 18, 2015, arguing, in relevant part, Appellant's sentence is illegal "due to a holding by the Superior Court of [Pennsylvania] that mandatory [sentences] are illegal." Mot. for Hr'g, 3/18/15, at 1. The PCRA hearing was conducted on August 3, 2015, and on August 20, 2015, the PCRA court denied Appellant's PCRA petition. The PCRA court concluded that she was not entitled to PCRA relief under **Alleyne**. **See** PCRA Ct. Op.,

_____

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(16).

[5] The petition was filed on February 23, 2015. However, the certified record contains a post-marked envelope with the February 18, 2015 date. Thus, we consider the petition filed on that date. **See Commonwealth v. Bradley**, 69 A.3d 253, 254 n.3 (Pa. Super. 2013).

[6] Counsel only sought argument on Appellant's petition and did not file an amended PCRA petition.

- 2 -

9/28/15, at 5. Appellant timely filed a counseled notice of appeal on September 2, 2015, and a concise statement of matter complained on appeal, pursuant to Pa.R.A.P. 1925(b), on September 22, 2015.

On appeal, Appellant raises the following issue for our review:

> Whether the PCRA court abused its discretion or erred as a matter of law in denying [Appellant's] PCRA petition seeking to find her sentence unconstitutional since she was sentenced to a mandatory minimum sentence and the statutes concerning her conviction have been found unconstitutional but not retroactive.

Appellant's Brief at 5.

Appellant contends that because **Alleyne** held mandatory sentences unconstitutional, she is entitled to relief. **Id.** at 11. "[A]ppellant asserts that her PCRA issue is a new constitutional right . . . ." **Id.** at 9. Appellant's argument rests on her conclusion "that once something is unconstitutional it is always unconstitutional." **Id.** at 11. However, Appellant concedes, "[t]he current law is clear that the mandatory sentence cannot be raised from a PCRA petition." **Id.** at 11.

The standard of review for the denial of a PCRA petition is as follows:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level . . . . However, this Court reviews the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (internal quotation marks and citations omitted). "[W]e must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." *Id.* (citation omitted). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d. 516, 519 (Pa. Super. 2011) (citation omitted).

Section 9545 provides the following timeliness requirements:

**(b) Time for filing petition.–**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this

> section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b)(1)-(3).

In this case, Appellant's judgment of sentence became final on October 15, 2012,[7] after the period for taking an appeal expired. *See* Pa.R.A.P. 903(a). Therefore, she had until October 15, 2013, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). The instant petition was filed on February 23, 2015, and is facially untimely.

In *Miller*, the appellant filed a facially untimely PCRA petition claiming that under *Alleyne*, he met the "time-bar exception" outlined in 42 Pa.C.S. § 9545(b)(1)(iii). *Miller*, 102 A.3d at 993-94. The *Miller* Court held that *Alleyne* did not entitle the appellant to relief because "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence has become

---

[7] We note the 30th day from Appellant's sentence was Sunday, October 14, 2012. When considering the timeliness of a filing, "[w]henever the last day of any such period should fall on a Saturday or Sunday . . . , such day shall be omitted from the computation." 1 Pa.C.S. § 1908. Therefore, Appellant had until October 15, 2012, to file a timely appeal.

final." *Id.* at 995. Hence, the appellant in *Miller* did not "satisfy the new constitutional right exception to the time-bar." *Id.*

Instantly, Appellant filed an untimely PCRA petition and claims she is entitled to constitutional protection set out in *Alleyne*. Pursuant to *Miller*, we agree with the PCRA court and conclude that the instant petition was untimely, and *Alleyne* does not entitle Appellant to relief. *Id.* Based on the foregoing, we find no error in the court's denial of Appellant's PCRA petition. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2016