J-S09023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSCOE WILLIAMS | |
| Appellant | No. 3144 EDA 2015 |

Appeal from the Judgment of Sentence Entered September 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010480-2014

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 24, 2017**

Appellant Roscoe Williams appeals from the September 18, 2015 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following his jury convictions for robbery and conspiracy to commit robbery.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As summarized by the trial court:

> On August 12, 2014, Timothy Matthews left his place of employment on City Avenue and took a "hack cab" to his home. The driver of the hack cab identified himself as "Major." Matthews instructed Major to take him to 1611 West Loudon Street where Matthews resided at the time.  Major drove on City Avenue toward Matthews' home, but then drove past where he needed to turn for Matthews' home.  Matthews became suspicious because Major drove past where he needed to turn to get to his house.  Matthews asked Major what was happening, to

---

[*] Retired Senior Judge assigned to the Superior Court.

which Major responded that he needed to stop briefly to take care of his child.

After parking on the 5200 block of Hutchinson Street, Major entered a residence located at 5235 Hutchinson Street. While waiting for Major to return, two individuals—later identified as [Appellant] and co-defendant Jamal Wilson—aggressively approached Matthews. Matthews described the two individuals as a tall, skinny male wearing sweat pants and a white t-shirt and a fat male wearing a red hoody. Matthews observed [Appellant] exit the residence at 5235 Hutchinson Street—the same house Major entered—prior to [Appellant] approaching him. As [Appellant] and co-defendant Wilson approached, Matthews backed up onto a nearby porch. After backing Matthews onto the porch, co-defendant Wilson produced a small handgun from his waist and pointed it inches away from Matthews' midsection. While co-defendant Wilson pointed the gun at him, Matthews removed $302 from his pockets and handed it to [Appellant], who was next to co-defendant Wilson.

After handing over the money, Matthews fled on foot and called 911. As he was running away, Matthews observed Philadelphia Police Officer Bacon, who was responding to the 911 call. Officer Bacon returned with Matthews to the scene of the robbery where he had identified [Appellant] to Officer Bacon as the skinny male who took his money while co-defendant Wilson pointed the gun at him. Matthews identified co-defendant Wilson to Officer Bacon as the fat male who pointed the gun to his midsection.

Trial Court Opinion, 3/7/16, at 1-2 (record citations omitted). A jury ultimately found Appellant guilty of robbery and conspiracy to commit robbery. On September 18, 2015, the trial court sentenced him to an aggregate term of 10 to 20 years' imprisonment. Appellant timely appealed.

On appeal, Appellant raises a single issue for our review. Appellant argues that the conviction for conspiracy to commit robbery was unsupported by the record.[1] After careful review of the record and the

_____

[1] Our review of a sufficiency claim is governed by the following well-settled standard of review:

*(Footnote Continued Next Page)*

relevant case law, we conclude that the trial court accurately and thoroughly addressed the merits of Appellant's claim. **See** Trial Court Opinion, 3/7/16, at 4-5. We agree with the trial court's conclusion that Appellant conspired with co-defendant to rob Matthews under the circumstances of this case. As the trial court reasoned "both approached Matthews and without the need to communicate with each other, co-defendant Wilson pointed the gun at Matthews' midsection while [Appellant] took his money.[2] **See Commonwealth v. Poland**, 26 A.3d 633, 518, 523 (Pa. Super. 2011) (holding that "the actors' relationships and their conduct before, during and after the criminal episode established a unity of criminal purpose sufficient

_(Footnote Continued)_ ————————————

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

**Commonwealth v. Taylor**, 137 A.3d 611, 614 (Pa. Super. 2016)

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he ... agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime ... or ... agrees to aid such other person or persons in the planning or commission of such crime[.]

18 Pa.C.S.A. § 903(a).

[2] To the extent Appellant asks us to discredit Matthews' identification of him, we decline to do so. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Vogelsong**, 90 A.3d 717, 719 (Pa. Super. 2014) (citation omitted), **appeal denied**, 102 A.3d 985 (Pa. 2014).

for the jury to find conspiracy beyond a reasonable doubt."). Accordingly, we affirm Appellant's September 18, 2015, judgment of sentence. We further direct that a copy of the trial court's March 7, 2016 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2017

FILED

MAR 07 2016

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0010480-2014
                                      :
VS.                                   : 3144 EDA 2015
                                      :
ROSCOE WILLIAMS                       :

## OPINION

Following a jury trial, Defendant Roscoe Williams was convicted of robbery and conspiracy to commit robbery. The trial court sentenced Defendant to a total of 10 to 20 years of incarceration. Defendant filed a timely appeal in which he argues: (1) the evidence was insufficient to support the convictions, and (2) the verdict was against the weight of the evidence. For the reasons stated below, the Superior Court should affirm the judgment of sentence.

## FACTUAL BACKGROUND

On August 12, 2014, Timothy Matthews left his place of employment on City Avenue and took a "hack cab" to his home. N.T. 7/14/2015 at 45-51. The driver of the hack cab identified himself as "Major." Matthews instructed Major to take him to 1611 West Loudon Street where Matthews resided at the time. *Id.* at 51. Major drove on City Avenue toward Matthews' home, but then drove past where he needed to turn for Matthews' home. Matthews became suspicious because Major drove past where he needed to turn to get to his house. Matthews asked Major what was happening, to which Major responded that he needed to stop briefly to take care of his child. *Id* at 52.

After parking on the 5200 block of Hutchinson Street, Major entered a residence located at 5235 Hutchinson Street. While waiting for Major to return, two individuals – later identified as Defendant Roscoe Williams and co-Defendant Jamal Wilson – approached aggressively Matthews. Matthews described the two individuals as a tall, skinny male wearing sweat pants

and a white t-shirt and a fat male wearing a red hoody. *Id.* at 56-61, 71, 112-13. Matthews observed Defendant exit the residence at 5235 Hutchinson Street – the same house Major entered – prior to Defendant approaching him. As Defendant and co-Defendant Wilson approached, Matthews backed up onto a nearby porch. *Id.* at 60. After backing Matthews onto the porch, co-Defendant Wilson produced a small handgun from his waist and pointed it inches from Matthews' midsection. *Id.* at 64. While co-Defendant Wilson pointed the gun at him, Matthews removed $302 from his pockets and handed it to Defendant, who was next to co-Defendant Wilson. *Id.* at 70-71.

After handing over his money, Matthews fled on foot and called 911. *Id.* at 68-70. As he was running away, Matthews observed Philadelphia Police Officer Bacon, who was responding to the 911 call. *Id.* at 145-149. Officer Bacon returned with Matthews to the scene of the robbery where he identified Defendant to Officer Bacon as the skinny male who took his money while co-Defendant Wilson pointed a gun at him. *Id.* at 73, 158-59. Matthews identified co-Defendant Wilson to Officer Bacon as the fat male who pointed the gun to his midsection. *Id.*

DISCUSSION

1. There Is Sufficient Evidence To Support The Convictions

Defendant claims that the evidence was insufficient to support any of the convictions. Appellate courts review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Bradley*, 69 A.3d 253, 255 (Pa. Super. Ct. 2013). The appellate court must evaluate the entire record and consider all evidence actually received. *Id.* Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to

-2-

believe all, part, or none of the evidence. *Id.* In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id.*

### a. There Is Sufficient Evidence To Support The Conviction For Robbery

To support the robbery conviction, the Commonwealth must have proven beyond a reasonable doubt that: (1) the defendant threatened another with, or intentionally put him in fear of, immediate serious bodily injury, (2) in the course of committing a theft. 18 Pa.C.S. § 3701. The use of or threat of force, however slight, is an essential element of the crime. *Commonwealth v. Bedell*, 954 A.2d 1209 (Pa. Super. Ct. 2008). A person commits a theft if he unlawfully takes the property of another with the intent to deprive him thereof. *Commonwealth v. Hopkins*, 747 A.2d 910, 914 (Pa. Super. Ct. 2000). In addition, felonious intent can, and in most cases necessarily must, be inferred from the circumstances. *Commonwealth v. Farmer*, 361 A.2d 701 (Pa. Super. Ct. 1974).

At trial, the evidence showed that Defendant approached Matthews in an aggressive manner, which prompted Matthews to back up onto a porch. While on the porch, co-Defendant Wilson produced a firearm and pointed it at Matthews' midsection. Defendant -- who was standing next to co-Defendant Wilson -- then took the money that Matthews removed from his pocket. Viewing this direct and circumstantial evidence in the light most favorable to the Commonwealth, the evidence was sufficient to support Defendant's conviction for robbery, *i.e.*, Defendant stole $302 from Matthew by intentionally threatening him with serious bodily injury.

Alternatively, the evidence at trial supports Defendant's robbery conviction under an accomplice theory. A person is legally accountable for the conduct of another when he is an accomplice of such other person in the commission of the offense. 18 Pa.C.S. § 306(b)(3). A person is an accomplice if, with the intent of promoting or facilitating the commission of the offense, he aids or agrees or attempts to aid such other person in planning or committing the

-3-

offense. 18 Pa.C.S. §306(c)(1)(ii). Here, the evidence shows that Defendant aided co-Defendant Wilson in the commission of the robbery. In other words, Defendant took the money from Matthews as co-Defendant Wilson pointed the gun at his midsection. Viewing this direct and circumstantial evidence in the light most favorable to the Commonwealth, the evidence was sufficient to support Defendant's conviction for robbery as an accomplice, *i.e.*, Defendant aided co-Defendant Wilson in the commission of the robbery by approaching Matthews, backing him onto the porch and then taking his money.

b.      There Is Sufficient Evidence To Support The Conviction For Conspiracy

To support the conviction for criminal conspiracy, the Commonwealth must have proven beyond a reasonable doubt that a defendant agreed with such other person or persons that they, or one or more of them, will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime. 18 Pa.C.S. § 903(a). Additionally, no person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired. 18 Pa.C.S. § 903(e).

Often times, the only evidence of a conspiracy is based upon circumstantial evidence from the conduct of the parties:

> "...a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy."

*Commonwealth v. Johnson*, 719 A.2d 778, 784–85 (Pa. Super. Ct. 1998) (en banc).

-4-

Here, the evidence at trial was sufficient to prove that Defendant entered into a conspiracy with co-Defendant Wilson to commit the crime of robbery. The conspiracy agreement and requisite intent can be inferred through the conduct of Defendant as well as co-Defendant Wilson. As they both approached Matthews and without the need to communicate with each other, co-Defendant Wilson pointed the gun at Matthews' midsection while Defendant took his money. Defendant's receipt of the money through co-Defendant Wilson's use of force creates a reasonable inference that Defendant and co-Defendant Wilson agreed to commit the crime of robbery. Additionally both co-Defendant Wilson and Defendant committed overt acts in furtherance of the conspiracy by threatening Matthews with the firearm and taking the money, respectively. Viewing this direct and circumstantial evidence in the light most favorable to the Commonwealth, the evidence was sufficient to support Defendant's conviction for criminal conspiracy. 469-532-3809

2. The Verdict Was Not Against The Weight Of The Evidence

Defendant asserts that the verdict was against the weight of the evidence. When evaluating the weight of the evidence, the standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, [the Superior Court] may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. Super. Ct. 2003).

The trial court presided over the entire trial and had the opportunity to observe the demeanor of the witnesses who testified as well as their manner of testifying. Based upon those

-5-

observations and the consistency of their testimony, there is no basis to disturb the jury's credibility determinations that are imbedded within their verdict. Moreover, in light of the overwhelming evidence of Defendant's guilt discussed above, the verdict is not contrary to the evidence and does not shock one's sense of justice.

CONCLUSION

Based on the foregoing, the judgment of sentence should be affirmed.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: March 7, 2016