J-S24028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SONNY HARRIS | : | |
| Appellant | : | No. 3765 EDA 2016 |

Appeal from the Judgment of Sentence Entered November 7, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006470-2011

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: March 17, 2020

Sonny Harris appeals from the judgment of sentence entered following his conviction for harassment. Counsel has filed an ***Anders***[1] brief and a petition to withdraw as counsel. We affirm and grant counsel's petition to withdraw.

The trial court set forth the relevant facts and procedural history of the case as follows:

> Between January 1, 2009 and March 1, 2011 [Harris] engaged in a continued course of harassment against Complainant Phyllis Gibson ["Complainant"]. He loitered on her property and called her names after she repeatedly asked him to leave, threatened her, shot BB guns at a sign outside her bedroom window and threw firecrackers into her yard at night. Notes of Testimony, 11/8/2014 at 14, 41, 49. [Complainant] was forced to keep the lights off in her

---

\* Former Justice specially assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

apartment and move to the back bedroom of her home due to her fear of [Harris]. [Harris] was arrested on March 3, 2011 and charged with Stalking as a felony in the third degree (18 § 2709.1 (A)(1)), Harassment as a misdemeanor in the third degree (18 § 2709 (A)(4)) and related charges.

Following a jury trial held December 5, 2014 through December 12, 2014 before the Honorable Carolyn Nichols, [Harris] was found guilty of the Harassment as a misdemeanor in the third degree. The charge of Stalking as a felony in the third degree was set for retrial as the jury was unable to reach a unanimous decision as to the Stalking charge only. [Harris] was found not guilty of the remaining charges.[2]

On November 7, 2016 the Commonwealth argued a Motion to Enter *Nolle Prosequi* on the Stalking Charge and it was granted by the Honorable Mia Roberts Perez. On the same day, this court granted a Petition to file an appeal *nunc pro tunc* on the companion charges [Harris] was initially convicted of on December 12, 2014.[3]

Trial Ct. Op., 6/14/18 at 1-2 (citations omitted).

Harris filed the instant appeal on December 2, 2016, and a Pa.R.A.P. 1925(b) statement on September 8, 2017. Appointed counsel filed an ***Anders*** brief and Harris filed a *pro se* response.

---

[2] Harris chose to represent himself at trial.

[3] In light of the unique procedural posture of this case, this Court issued a rule to show cause as to why the appeal should not be quashed as interlocutory because the appeal appeared to have been taken from the order entering *nolle prosequi* on the stalking charge, rather than from the judgment of sentence. However, upon review of the complete docket, we agree with Harris that judgment had already been properly entered in this case, regarding his harassment conviction, and he properly appealed following Judge Perez's reinstating his direct appeal rights *nunc pro tunc*. The *nunc pro tunc* appeal was proper because the trial court did not inform Harris of his appeal rights when it sentenced him on the other charges.

Counsel's *Anders* Brief identifies three issues, which we set forth verbatim:

1. The evidence was insufficient to support the conviction for harassment under 18 Pa.C.S.A. § 2709(a)(4).

2. The trial court erred when it denied [Harris's] pre-trial discovery motions to turn over full discovery including *Brady* materials that centered on phone records.

3. [Harris] was denied due process and a fair trial under the Pennsylvania and United States Constitutions as a result of the misconduct of the prosecutor throughout the trial, and the trial court's failure to take the appropriate corrective actions.

*Anders*' Br. at 10, 19, 22.

Before we assess the substance of counsel's *Anders* brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An *Anders* brief that accompanies a request to withdraw must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide a copy of the *Anders* brief to the client, and a letter that advises

- 3 -

the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (citation omitted). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." **Commonwealth v. Dempster**, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting **Anders**, 386 U.S. at 744).

Here, in the **Anders** brief, counsel provides a procedural and factual history of the case, with citations to the record, discusses the issues arguably supporting the appeal, and explains why counsel concludes those issues are frivolous. **Anders** Br. at 5-15. Counsel served a copy of the **Anders** brief upon Harris, and his letter to Harris advised Harris that he could raise any additional issues before this Court *pro se* or with private counsel. Petition to Withdraw as Counsel, filed November 5, 2018. The **Anders** brief satisfies the necessary requirements. We will therefore address the issues counsel has identified.

The first issue counsel identifies in the **Anders** brief is a challenge to the sufficiency of the evidence supporting Harris's harassment conviction. Counsel maintains that such a challenge would be frivolous because the Commonwealth presented "more than sufficient evidence" to support the conviction. We agree.

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable

to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 217 A.3d 1254, 1256 (Pa.Super. 2019) (quoting ***Commonwealth v. Bradley***, 69 A.3d 253, 255 (Pa.Super. 2013)). We review the evidence *de novo*, but do not substitute our weighing of the evidence for that of the fact-finder, who is free to believe all, part, or none of the evidence. ***Commonwealth v. Hall***, 199 A.3d 954, 960 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1028 (Pa. 2019). So long as the prosecution presented evidence of each element of the crime, we will not find the evidence insufficient unless it is "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Miller***, 217 A.3d at 1256.

A defendant may be convicted of harassment if the Commonwealth proves the defendant, "with intent to harass, annoy or alarm another … communicate[d] to or about [the complainant] any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]" 18 Pa.C.S. § 2709(a)(4). Further, it is well settled that "an intent to harass may be inferred from the totality of the circumstances." ***Commonwealth v. Lutes***, 793 A.2d 949, 961 (Pa.Super. 2002).

In this case, the trial court found Complainant's testimony to be credible regarding Harris's act of explicitly telling Complainant he wanted to kill her, saying, "I'm going to fuck you up. Not today, but I'm going to get you." N.T., 12/8/14 at 41. Complainant also testified that Harris routinely sent her emails

and text messages containing threatening language, and she detailed those threats in her testimony. *Id.* at 68-70. The jury thus had ample evidence upon which to conclude that Harris had communicated with Complainant using threatening language with the intent to harass, annoy, or alarm her. *See* 18 Pa.C.S. § 2709(a)(4); *Lutes*, 793 A.2d at 961. The sufficiency claim is frivolous.

The second issue presented in counsel's *Anders* brief concerns Harris's contention that the trial court abused its discretion by denying his pre-trial discovery motion. Counsel finds this issue to be frivolous because the Commonwealth had already provided Harris the evidence he sought, his phone records, and in any event, Harris had access to his own phone records. We agree that Harris's second issue is frivolous.

"We review a trial court's grant or denial of a discovery request for an abuse of discretion." *Lutes*, 793 A.2d at 959. "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Id.* (citation omitted).

The Commonwealth must provide a defendant all evidence requested if it is material to the case. *See* Pa.R.Crim.P. 573(B). If the Commonwealth fails to disclose the information requested, a defendant may seek to compel the same *via* a discovery motion. *See* Pa.R.Crim.P. 573(A). However, if the defendant has already received the requested materials, it is within the trial

court's discretion to deny a discovery motion seeking those same materials. *See Commonwealth v. Davido*, 106 A.3d 611, 646 (Pa. 2014). In the case *sub judice*, Harris received copies of his phone records prior to trial. N.T., 12/5/14 at 160-61. Thus, his contention that the trial court abused its discretion by denying his bid to obtain these records lacks a factual foundation and is frivolous. *See Lutes*, 793 A.2d at 959; *Davido*, 106 A.3d at 646.

The third issue presented in counsel's *Anders* brief contains vague assertions of prosecutorial misconduct. Without citation to the record, counsel makes two broad claims of prosecutorial misconduct: (1) "Throughout trial the prosecutor [] solicited [*sic*] answers from witnesses through prejudicial information which should not have been permitted and were not relevant to the charges"; and (2) "Throughout the closing argument, the prosecutor argued facts not presented in evidence, misrepresented facts, vouched for the credibility of witnesses, and made argument to inflame the passions of the jury." *Anders* Br.at 22-23.

To begin, as both the trial court and counsel's *Anders* brief emphasize, Harris failed to preserve these issues for appellate review because, although he made objections at trial, he did not request a mistrial or a curative instruction. "Even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver." *Commonwealth v. Sandusky*, 77 A.3d 663, 670 (Pa.Super. 2013) (citation omitted). Thus, we agree that these claims are

waived. **See Commonwealth v. Sasse**, 921 A.2d 1229, 1238 (Pa.Super. 2007).

In any event, the trial court reviewed the record and did not find any evidence of prosecutorial misconduct, and we have done the same and reached the same conclusion. Our standard of review of a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. **Commonwealth v. Rivera**, 939 A.2d 355, 357 (Pa.Super. 2007). "[P]rosecutorial misconduct is evaluated under the harmless error standard." **Commonwealth v. Cousar**, 928 A.2d 1025, 1042 (Pa. 2007).

A prosecutor's statements in closing argument do not merit a new trial unless they had the "unavoidable effect" of "prejudic[ing] the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict." **Commonwealth v. Jaynes**, 135 A.3d 606, 615 (Pa.Super. 2016). The prosecution may employ oratorical flair in arguing its version of the case to the jury and may advance arguments and inferences so long as they are supported by the evidence. **Id.** Moreover, the prosecutor may fairly respond to points defense counsel made in closing. **Id.**

In this case, our independent review of the record confirms what the trial court determined: that the record does not contain evidence of any misconduct by the prosecutor at trial that would have had the "unavoidable effect" of preventing the jury from rendering a "true verdict." **See id.** at 615. Hence, the third issue is frivolous.

Having addressed the issues raised in counsel's **Anders** brief, we turn to the three issues Harris raised in his *pro se* response. Harris presents all three issues without developing any cogent argument and without citing any legal authority. Therefore, this Court's ability to review Harris's issues is significantly hampered and we could therefore find his issues waived. **See Commonwealth v. Delvalle**, 74 A.3d 1081, 1086-1087 (Pa.Super. 2013) (failure to develop argument or provide any legal authority results in the waiver of appellate issues); Pa.R.A.P., 2119(a) (appellant's brief shall contain "such discussion and citation of authorities as are deemed pertinent").

Nevertheless, we will address the issues Harris presents in his *pro se* filing, as best as we can discern. **See Branch Banking & Trust v. Gesiorski**, 904 A.2d 939, 942 (Pa.Super. 2006) (stating that "this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant[.]" (citation omitted)). To the extent Harris intended to assert additional or different issues than those we have identified, those issues are waived.

Harris's first issue consists of a single paragraph of argument wherein he contends that the trial court issued a "bad" jury instruction as evidenced by the jury's question, "Do we have to vote him guilty even if we all believe he is not guilty?" The jury asked no such question. Rather, it asked two questions: (1) "Do we have to all agree on the same verdict even if we think he's not guilty?" and (2) "[I]f we can't agree on one charge can we still deliver a verdict on the rest of them?" N.T., 12/12/14, at 4. In response, the court re-administered the jury instructions that in order to reach a verdict on a

- 9 -

charge, the jury must be unanimous, but if the jury could not reach a unanimous verdict on one charge, it could nonetheless return a verdict on another charge. *Id.* at 4-17. This was a proper instruction, and indeed, the jury returned with a "split" verdict. This issue lacks a basis in fact or law.

In his second issue, Harris presents a rambling factual dissertation regarding discovery and ostensibly the telephone records counsel refers to in the second issue in the **Anders** brief. As noted above, Harris received such records in pre-trial discovery and had access to his own telephone records. Thus, as we concluded above, this issue is frivolous.

In his last issue, it appears that Harris attempts to raise a claim regarding his bail. However, he fails to develop this issue in any comprehensible fashion and fails to indicate when or how he raised this claim before the trial court. The issue is thus waived and frivolous. **See Delvalle**, 74 A.3d at 1086-1087; Pa.R.A.P. 302(a)("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Accordingly, because we conclude that the issues raised in both counsel's **Anders** brief and Harris's *pro se* response have no merit, and our independent review of the record has not uncovered any non-frivolous issue, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/20