J-S34025-19

2019 PA Super 261

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
                                            :
                v.                   :
                                            :
                                            :
SHAINE S. MILLER                 :
                                            :
            Appellant         :    No. 1698 WDA 2018

Appeal from the Judgment of Sentence Entered November 15, 2018
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000540-2017

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

OPINION BY McLAUGHLIN, J.:               **FILED AUGUST 23, 2019**

      Shaine S. Miller appeals from his judgment of sentence imposed after a jury found him guilty of aggravated assault, terroristic threats, recklessly endangering another person, simple assault, disorderly conduct, and harassment.[1] Miller challenges the sufficiency of the evidence supporting his aggravated assault conviction. We affirm.

      The trial court aptly summarized the facts of this case as follows:

> On October 14, 2017, Esther Harlan, her husband Leroy Harlan and their two minor children were traveling in the families' truck in Kane[,] Pennsylvania. Esther Harlan was operating the truck and they were on their way home from a soccer game. When they went to turn into Welsh Street [Miller's] vehicle, with [Miller] sitting in the driver's seat, was blocking their way. [Miller] then pulled his vehicle backward and said to the Harlans "[C]an you

---

*   Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2706, 2705, 2701(a)(3), 5503(a)(4) and 2709(a)(1) respectively.

fucking get through now?;" "Can you get by me now you fucking bitch;" and, "What's your fucking problem." Mr. Harlan then stated to his wife: "[P]ull over. I want to see what's going on." His wife did pull over and Mr. Harlan and [Miller] each exited their vehicles. Mr. Harlan walked toward [Miller] and [Miller] was getting out of his vehicle. Mr. Harlan stated to [Miller] "[W]hat's going on? What's your problem?" [Miller] responded that he did not have a problem and it got "heated back and forth." Mr. Harlan testified:

> So, it went on there for a little bit. And all of the sudden, he was screaming and hollering, and - and he ran back down the hill to his vehicle approximately 15, 20 feet to the door and reached in - his door and came out with a gun and I stayed in the same spot and didn't move. I stayed right where we first initially met at the back of the vehicle. He reached in the - in his car, came out with a gun, cocked the gun, and came running up to me. At this point in time he was probably two feet away from me with the gun directed towards my head with his finger on the trigger said, "[W]hat's your problem now, fucker? I got a gun. I'm going to kill you. I'm going to shoot you." And I kept saying - - my hands at that point went up in a defensive way like this, and they stayed in that position the whole time that he had the gun in his hand, whole time that he was waving it at me. His hand was actually shaking on the gun. His finger on the trigger. The gun looked like it was loaded because he cocked the action and it was like a loaded gun. At that point in time, I said, "I don't know what your deal is, but you don't need a gun. You don't need to be getting the gun out. Put the fucking gun away." [Miller responded] "I have a permit. I'm allowed to do that."

9/26/18 Trial Tr. Page 118-119. [Miller] pointed the handgun directly at Mr. Harlan's head. While [Miller] was pointing the gun at Mr. Harlan's head one of [Miller's] friends exited a nearby home and questioned [Miller], stating: "Shaine, what the fuck are you doing? That's my neighbor. Put your gun down." [Miller] then put the weapon into his vehicle and walked over and sat down on the steps to a home. The Harlans then approached him and words were exchanged. [Miller] stated to the Harlans: "I had the right to have a gun. I have the right to kill you;" and, "I should've fucking killed you." He then went back towards his car to apparently retrieve the handgun again. However, Mrs. Harlan ran to the vehicle first, grabbed the handgun and threw it. Later that day while [Miller] was being detained in a cell at the Kane Borough

> Police Station he repeatedly yelled: "I shoulda just fucking killed them. I shoulda just shot them;" and, "I don't know why I am here. I shoulda just fucking killed them. It would have been worthwhile. I shoulda just killed them."

Trial Court's Pa.R.A.P. 1925(a) Opinion, 3/6/19, at 6-7.

After a jury convicted him of the above referenced offenses, the trial court sentenced Miller to an aggregate of 4 to 10 years' incarceration with credit for time served. Miller filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive Rule 1925(a) opinion. On appeal, Miller presents a single issue for our review: "Whether the evidence presented on the record at the trial of this matter on September 26-27, 2018 was sufficient to establish each element of the charge of Aggravated Assault, 18 Pa.C.S. § 2702(a)(1), thereby justifying a verdict of Guilty for that offense?" Miller's Br. at 5. Miller argues that the evidence was insufficient to prove that he "attempted to cause serious bodily injury to Leroy Harlan by pointing a firearm at him and making a conditional threat" where "no intervening factors" prevented him from shooting had he had an actual intent to cause harm. *Id.* at 18.

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Bradley*, 69 A.3d 253, 255 (Pa.Super. 2013). If the Commonwealth has presented some evidence of each element of the crime, we deem the evidence

sufficient unless it is "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Id.***

Pursuant to subsection 2702(a)(1) of the Crimes Code, "a person is guilty of aggravated assault if he…attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). "For aggravated assault purposes, an 'attempt' is found where 'an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another.'" ***Commonwealth v. Fortune***, 68 A.3d 980, 984 (Pa.Super. 2013 (*en banc*) (quotation omitted). "[I]ntent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances." ***Id***.

In ***Commonwealth v. Alexander***, 383 A.2d 887, 889 (Pa. 1978), the Pennsylvania Supreme Court fashioned a totality of the circumstances test that has often been cited when courts must determine whether a defendant acted with the requisite intent to sustain an aggravated assault conviction. The test specifically calls upon courts to consider, *inter alia*, "evidence of a significant difference in size or strength between the defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the which might indicate his intent to inflict

injury." ***Commonwealth v. Matthew***, 909 A.2d 1254, 1257 (Pa. 2006)(citing ***Alexander***, 383 A.2d at 889).

In the instant case, the trial court found that the facts at issue are analogous to those presented in ***Fortune*** and we agree. In ***Fortune***, the defendant approached the victim, pointed a gun a half-inch away from her head, and threated, "If you don't let go of the keys, I am going to blow your head off." ***Fortune***, 68 A.3d at 982. The defendant there grasped one end of the victim's keys, and the victim ran away. Our Court concluded that the evidence presented in ***Fortune*** was sufficient to support the defendant's aggravated assault conviction, holding:

> Under the totality of the circumstances, the jury certainly was free to find, *inter alia*, that [defendant] intended to carry out his threat but did not do so for a variety of reasons. The fact the victim managed to drop her keys and successfully escape does nothing to negate a finding that [defendant] possessed the proper *mens rea* at the time he pointed the gun at the victim. In sum, in applying the totality of the circumstances as ***Matthew*** dictates, we find [defendant's] claim there was insufficient evidence to sustain his conviction for Aggravated Assault must fail.

***Id.*** at 985.

Here, the trial court properly found that the jury was free to believe that Miller meant what he repeatedly told Harlan: that he intended to shoot and kill him. Specifically, the court found that threat, in conjunction with Miller's action of pointing a gun directly at Harlan's head for some time, sufficient to sustain Miller's conviction for aggravated assault. As in ***Fortune***, the trial

court found the evidence to be sufficient regardless of the fact that Miller did not ultimately shoot Harlan. ***See id.***

Likewise, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we hold that the trial court aptly determined that the evidence was sufficient to support Miller's aggravated assault conviction. ***See Bradley***, 69 A.3d at 255. Miller threatened Harlan's life multiple times while pointing a gun directly at Harlan's head. Further, the encounter was only defused once a neighbor interceded. Thus, under the totality of the circumstances, the evidence was sufficient to establish that Miller had the requisite specific intent to support his conviction for aggravated assault under 18 Pa.C.S.A. § 2702(a)(1). ***See Fortune***, 68 A.3d at 985; ***Matthew***, 909 A.2d at 1257. Accordingly, we conclude that Miller's issue on appeal lacks merit and we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2019