J-S40023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DESMOND LAMAR SNEAD | : | |
| | : | |
| Appellant | : | No. 40 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 9, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004162-2017

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JANUARY 06, 2020**

Desmond Lamar Snead appeals from the judgment of sentence entered following his conviction for aggravated assault.[1] Snead's counsel previously filed an **Anders**[2] brief and request to withdraw, which we denied. Counsel has since filed a new **Anders** brief and request to withdraw. We now grant counsel's request to withdraw and affirm Snead's judgment of sentence.

At Snead's non-jury trial, the Commonwealth presented the testimony of the victim. The victim testified that while she was waiting for a bus, a car carrying Snead, who was the victim's neighbor, and Snead's codefendant drove past her. The car then made a U-turn and stopped between ten and 12

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] **Anders v. California**, 386 U.S. 738 (1967).

feet from her. Snead, seated in the rear passenger seat, stuck his head out of the car window and made eye contact with the victim. Snead and the codefendant started firing guns from the car windows, striking the victim in her thigh. The victim thereafter identified Snead from a photo array, and identified Snead in the courtroom during trial. The Commonwealth also presented two police detectives, who testified to recovering two nine-millimeter shell casings near the scene of the shooting, and recounted that the victim identified Snead after the shooting without hesitation.

The court found Snead guilty and sentenced him to serve four to eight years' incarceration. Shortly after sentencing, Snead's counsel requested to withdraw, and newly appointed counsel entered his appearance.[3] Snead's new counsel filed a post-sentence motion, challenging the sufficiency of the evidence. The motion was denied by operation of law, and Snead filed a timely notice of appeal.

As noted above, Snead's counsel previously filed a motion to withdraw in this Court. We denied that request because counsel failed to represent that the appeal was wholly frivolous, and had not advised Snead of his right to raise immediately any additional points for our review, either *pro se* or through

_____

[3] Snead's sentencing took place on August 9, 2018. Counsel filed a motion to withdraw on August 17, and new appointed counsel entered his appearance on August 20. On August 22, Snead's new counsel filed a petition to reinstate Snead's post-sentence and appeal rights *nunc pro tunc*, which the trial court granted within 30 days of sentencing. The trial court thus had jurisdiction to grant such relief, **see Commonwealth v. Dreves**, 839 A.2d 1122, 1128 n.6 (Pa.Super. 2003) (*en banc*), and our jurisdiction over this appeal is proper.

other counsel. ***See Commonwealth v. Snead***, No. 40 WDA 2019 at *2-3 (Pa.Super., filed October 21, 2019) (unpublished memorandum). Counsel has since filed a new motion to withdraw and a new ***Anders*** brief.

After a review of the new withdraw request and ***Anders*** brief, we are satisfied that Snead's counsel has cured the previous defects and conformed to the necessary technical requirements. ***See Snead***, No. 40 WDA 2019 at *1-2. We therefore turn to our independent review of whether the appeal is wholly frivolous. ***Commonwealth v. Dempster***, 187 A.3d 266, 271-72 (Pa.Super. 2018) (*en banc*). We note that Snead has not responded to counsel's withdrawal request or filed any other documents in this Court.

In the ***Anders*** brief, counsel discusses the sole issue raised in Snead's post-sentence motion:

> Was the evidence presented by the Commonwealth sufficient to sustain the verdict, when the record shows that the victim failed to identify [Snead] as the shooter and there was no other evidence tending to establish that [Snead] was present at the scene and involved with the shooting, requiring the fact finder to rely on conjecture to decide the case?

***Anders*** Br. at 3.

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 217 A.3d 1254, 1256 (Pa.Super. 2019) (quoting ***Commonwealth v. Bradley***, 69 A.3d 253, 255 (Pa.Super. 2013)). We review the evidence *de*

*novo*, but do not substitute our weighing of the evidence for that of the fact-finder, who is free to believe all, part, or none of the evidence. **Commonwealth v. Hall**, 199 A.3d 954, 960 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1028 (Pa. 2019). We will not find the evidence insufficient unless it is "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Miller**, 217 A.3d at 1256.

To prove the defendant guilty of aggravated assault under the relevant subsection, the Commonwealth must present evidence to establish the defendant "attempt[ed] to cause serious bodily injury to another, or cause[d] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1); **see also Commonwealth v. Lopez**, 57 A.3d 74, 79 (Pa.Super. 2012). "[F]or the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue." **Commonwealth v. Thompson**, 739 A.2d 1023, 1028 (Pa. 1999) (quoting **Commonwealth v. O'Hanlon**, 653 A.2d 616, 618 (Pa. 1995)).

Here, the Commonwealth presented evidence that Snead shot the victim. The victim identified Snead, both to the police and in the courtroom, and recognized him as a neighbor. The victim testified that Snead pointed a gun out of a car window and fired it in her direction. The Commonwealth also presented evidence that Snead acted recklessly. The victim testified that the

car carrying Snead made a U-turn in order to return to where she was standing, she and Snead made eye contact, and Snead, along with another individual in the car, fired multiple shots in her direction, striking her in the leg. We conclude this evidence was sufficient to establish the elements of aggravated assault.

Our review of the record reveals no other issue that would not be wholly frivolous to pursue on appeal.[4] We therefore grant counsel's motion to withdraw, and affirm Snead's judgment of sentence.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/6/2020

---

[4] We note the transcript of the sentencing hearing is not included in the certified record.