J-S55020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| W.J.T. | : | |
| | : | |
| Appellant | : | No. 339 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 13, 2018
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000224-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED FEBRUARY 3, 2020**

W.J.T. appeals from the judgment of sentence entered following his conviction for indecent assault.[1] W.J.T. challenges the sufficiency and weight of the evidence, and argues the court's imposition of a mandatory minimum sentence under 42 Pa.C.S.A. § 9718.2(a)(1) was an illegal retroactive application of that statute. We affirm W.J.T.'s conviction, vacate W.J.T.'s judgment of sentence, and remand for resentencing.

The trial court related the facts presented at W.J.T.'s jury trial in its Rule 1925(a) opinion. **See** Trial Court Opinion, filed April 4, 2019, at 2-4. In short, the victim testified regarding three incidents that occurred between July 24, 2006, and July 24, 2008, when the victim was five to six years old. The victim

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(7).

testified that he had lived with W.J.T., his step-father, since he was two years old, and was living with W.J.T., his Mother, and several siblings when the incidents occurred. During the first incident, W.J.T. had penetrative anal sex with the victim; during the second incident, W.J.T. forced the victim to suck his mother's breasts; and during the third incident, W.J.T. forced the victim to have penetrative intercourse with his mother. The jury found W.J.T. guilty of indecent assault.[2]

The court sentenced W.J.T. to 25 to 50 years' incarceration. The court applied 42 Pa.C.S.A. § 9718.2(a)(1), which provides for a mandatory minimum sentence of 25 years' incarceration for any person convicted of an offense set forth in Section 9799.14 and who, at the time of the offense, had previously been convicted of an offense set forth in Section 9799.14 or an equivalent offense. *See* 42 Pa.C.S.A. § 9718.2(a)(1). Among other offenses, Section 9799.14 lists indecent assault, statutory assault, and corruption of minors. *See* 42 Pa.C.S.A. § 9799.14(d)(8), (d)(3), and (b)(8). The court found that W.J.T. had been convicted in 1987 of statutory rape[3] and corruption of

---

[2] The jury found W.J.T. not guilty of rape of a child, involuntary deviate sexual intercourse, and aggravated indecent assault of a child. *See* 18 Pa.C.S.A. § 3121(c), 3123(b), and 3125(b), respectively. The jury additionally found W.J.T. guilty of corruption of a minor, *see* 18 Pa.C.S.A. § 6301(a)(1), but the court later vacated that conviction on the basis that the crime as charged included language from a version of the statute that was not in effect at the time W.J.T. committed the offense. *See* Tr. Ct. Op. at 5.

[3] The court noted the statute establishing the offense of statutory rape was repealed in 1995 and replaced with the offense of statutory sexual assault. Tr. Ct. Op. at 14.

minors, and thus sentenced him to the mandatory minimum. The court also notified W.J.T. that he is subject to lifetime registration as a sexual offender under 42 Pa.C.S.A. § 9799.23. W.J.T. filed a post sentence motion, which the court denied.

W.J.T. appealed,[4] and raises the following issues:

1. Is the guilty verdict for Indecent Assault supported by insufficient evidence to establish each element beyond a reasonable doubt?

2. Is the guilty verdict for Indecent Assault against the weight of the evidence to such an extent as to shock one's sense of justice because the testimony of the alleged [victim] was internally inconsistent, and was also inconsistent with the remaining evidence presented at trial, including the alleged victim's own prior testimony and statements concerning the events; when there was no prompt reporting of the alleged incident; when several years elapsed between the alleged incident and any interview with the police; when the alleged victim had to be reminded to tell anyone; and when the alleged victim's testimony was so wholly lacking in credibility that no reasonable jury could have found him credible[?]

3. Was [W.J.T.]'s sentence illegal when (a) the trial court imposed a twenty-five to fifty year sentence under the mandatory sentencing scheme set forth in 42 Pa.C.S. § 9718 when the acts were alleged to have occurred between July, 2006, and July, 2008; when the evidence did not establish beyond a reasonable doubt during which time the acts allegedly occurred; and when the mandatory sentencing statute at issue did not go into effect until 2008; thus constituting an illegal sentence and a violation of

_____

[4] The trial court docketed W.J.T.'s notice of appeal on February 26, 2019, more than thirty days after January 22, 2019, when the trial court denied W.J.T.'s post-sentence motions. However, W.J.T. provided this Court with an e-mail from an employee of the trial court confirming that the court received W.J.T.'s notice of appeal on February 21, 2019, within the thirty-day deadline. The Commonwealth does not argue W.J.T.'s notice of appeal was untimely. We decline to quash.

the *ex post facto* clause[s] of the United States and Pennsylvania Constitutions?

W.J.T.'s Br. at 5 (answers of trial court omitted).

## I. Sufficiency

W.J.T. argues the evidence is insufficient because the victim offered trial testimony that was inconsistent with his testimony at the preliminary hearing, and did not report the incidents to anyone until he was no longer residing in W.J.T.'s home. W.J.T.'s Br. at 10-11.

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 217 A.3d 1254, 1256 (Pa.Super. 2019) (quoting ***Commonwealth v. Bradley***, 69 A.3d 253, 255 (Pa.Super. 2013)). "If the Commonwealth has presented some evidence of each element of the crime, we deem the evidence sufficient unless it is 'so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.'" ***Id.*** (quoting ***Bradley***, 69 A.3d at 255).

W.J.T. was convicted of indecent assault under 18 Pa.C.S.A. § 3126(a)(7), which requires the Commonwealth to prove the following:

> (a) Offense defined.--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

. . .

(7) the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101; *Commonwealth v. Grayson*, 549 A.2d 593, 596 (Pa.Super. 1988).

Here, the victim testified that W.J.T. forced him to have penetrative sexual intercourse and engage in other sexual acts involving intimate body parts. This evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove the elements of indecent assault. W.J.T.'s argument that the victim's testimony was incredible because it was inconsistent with his prior testimony and he delayed in reporting the incidents go to the weight, and not the sufficiency of the evidence. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa.Super. 2003). We address the weight of the evidence in the next section. On W.J.T.'s sufficiency claim, we conclude no relief is due.

## II. Weight

W.J.T. argues the verdict is against the weight of the evidence "because of the inconsistencies in the alleged victim's testimony as well as with the other evidence adduced at trial." W.J.T.'s Br. at 11. Specifically, W.J.T. argues the victim's testimony was "internally inconsistent," as the victim "could not recall when the offense occurred but offered several different accounts of what occurred during the course of the day in question and conceded his memory was poor." *Id.* at 12. W.J.T. further argues that "[w]hen confronted, [the

victim] acknowledged several inconsistencies between his trial testimony and his former testimony at the preliminary hearing," and that the victim "did not tell anyone about the incident until he was no longer residing at his mother and [W.J.T.]'s home, and stated he wanted to return [sic] there "until he told [authorities] this happened." ***Id.*** (some alteration in original).

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Roane***, 204 A.3d 998, 1001 (Pa.Super. 2019) (quoting ***Commonwealth v. Cramer***, 195 A.3d 594, 600 (Pa.Super. 2018)). The trial court must not reverse the verdict unless "it is so contrary to the evidence as to shock one's sense of justice." ***Id.*** (quoting ***Commonwealth v. Johnson***, 192 A.3d 1149, 1153 (Pa.Super. 2018)). We review the trial court's decision on the weight of the evidence claim for an abuse of discretion, giving great reference to the trial court, which viewed the evidence first-hand. ***Id.***

Here, the trial court determined the weight claim was without merit because "the evidence presented at trial was not tenuous, vague and uncertain." Tr. Ct. Op. at 11. The court found that "[the victim] clearly and specifically described being sexually assaulted by [W.J.T.]" and "the jury clearly accepted at least some of his testimony, and, once they did, there was an immediate basis for a conviction [for indecent assault]." ***Id.*** The court concluded that the "verdict does not shock the consci[ence] of the court." ***Id.***

We discern no abuse of discretion with the trial court's analysis, and hold W.J.T. is due no relief on his weight claim.

### III. Sentence

W.J.T. argues his sentence is illegal for two reasons. First, although not encompassed by his question presented, W.J.T. argues his prior conviction would not have required him "to register under the then-current version of Megan's Law." W.J.T.'s Br. at 13 (citing 42 Pa.C.S.A. §§ 9795.1, 9795.2, expired Dec. 20, 2012). Second, W.J.T. argues that Section 9718.2, establishing the mandatory minimum, did not become effective until January 1, 2007, and the Commonwealth did not prove beyond a reasonable doubt that he committed the instant offense after that date. *Id.*

W.J.T. essentially argues that when the court imposed the mandatory minimum and gave W.J.T. notice of his registration requirements, the court applied the relevant statutes retroactively, thereby increasing his punishment, in violation of the *ex post facto* clauses. These arguments call into question the legality of W.J.T.'s sentence, and are non-waivable issues that this Court may decide *de novo*. **See Commonwealth v. Foster**, 17 A.3d 332, 345 (Pa. 2011) (application of mandatory minimum implicates legality of sentence and is non-waivable); **Commonwealth v. Alston**, 212 A.3d 526, 528 (Pa.Super. 2019) (registration requirements implicate legality of sentence, to which this Court applies *de novo* standard of review).

We conclude the court must issue new notice to W.J.T. of his registration requirements. The court notified W.J.T. that he was subject to registration

pursuant to 42 Pa.C.S.A. § 9799.23. However, an application of that section to offenders, such as W.J.T., who committed offenses prior to December 20, 2012, the effective date of the Sex Offender Registration and Notification Act ("SORNA"), violates the *Ex Post Facto* Clauses of the United States and Pennsylvania Constitutions. **See Commonwealth v. Muniz**, 164 A.3d 1189, 1193 (Pa. 2017). After W.J.T.'s sentencing, the legislature amended SORNA. W.J.T. now faces registration pursuant to Subchapter I of SORNA,[5] which applies to offenders who committed offenses between April 22, 1996, and December 20, 2012. We therefore instruct the court to provide new notice to W.J.T. regarding his registration requirements. **See Alston**, 212 A.3d at 530 (remanding for new notification of registration requirements).

We further conclude the court erred in applying the mandatory minimum sentence imposed by 42 Pa.C.S.A. § 9718.2(a)(1). That statute first took effect on January 1, 2007. The Commonwealth charged W.J.T. with committing offenses between July 24, 2006, and July 24, 2008. The victim testified to three events that occurred at some point between those dates. The jury found W.J.T. guilty of one count of indecent assault, and did not find any specific date applied.

As there was no specific finding that W.J.T. committed his offenses after the effective date of the statute imposing the 25-year mandatory minimum, W.J.T. is entitled to the lower penalty. **See Commonwealth v. Rose**, 127

---

[5] 42 Pa.C.S.A. §§ 9799.51-9799.75.

A.3d 794, 805-06 (Pa. 2015) (stating the date on which the criminal act is committed controls evaluation of *ex post facto* claim); ***Commonwealth v. Wood***, 208 A.3d 131, 137 (Pa.Super. 2019) (stating the effective date of a statute is the relevant date for *ex post facto* determinations); ***cf. Alston***, 212 A.3d at 530 ("[W]hen an appellant's offenses straddle the effective dates of Subchapters H and I of SORNA, he is entitled to the lower reporting requirements of Subchapter I, absent a specific finding of when the offenses related to the convictions actually occurred"); ***Commonwealth v. Weimer***, 167 A.3d 78, 85-86 (Pa.Super. 2017) (holding lowest grading should apply where jury did not make specific finding to substantiate higher grading of unlawful contact of a minor). We therefore vacate W.J.T.'s judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/3/2020