**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN LEE BAILEY | : | |
| | : | |
| Appellant | : | No. 273 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 6, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003153-2017

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 16, 2020**

Jonathan Lee Bailey appeals from the judgment of sentence entered after his jury convictions for Receiving Stolen Property ("RSP"), Escape, Tampering with or Fabricating Physical Evidence, and Person not to Possess a Firearm.[1] Bailey challenges the sufficiency of the evidence, the admission of identification testimony, and the jury instruction for constructive possession. We affirm.

The trial court aptly summarized the facts of this case as follows:

On May 13, 2017, Officer Kinsinger and his partner, Officer Nick Ishman, responded to the area of North 3rd and Union for a report of an altercation between a couple of males with reported firearms. (N.T., [Jury Trial 4/24-25/18], 72). Upon arriving at the location, the officers observed [Bailey] running in their direction.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3925(a), 5121(a), 4910(1) and 6105(a)(1), respectively.

(N.T., 73). The officers blocked [Bailey's] escape with their vehicle. (N.T., 73). [Bailey] then hopped over a fence and ran through backyards. (N.T., 73-74). Officer Kinsinger then observed other officers pursuing [Bailey]. (N.T., 74). Officer Kinsinger then pursued [Bailey] as well. (N.T., 75). Officer Kinsinger and other officers were eventually able to take [Bailey] into custody. (N.T., 76). No firearm was present on his person. (N.T., 77). Police then begin to search for the firearm along the path [Bailey] took while attempting to escape. (N.T., 77-78). Officer Kinsinger located a black magazine to a firearm after walking up a staircase to the second floor of a building along [Bailey's] flight path. (N.T., 78).

The Commonwealth presented testimony of Jarobi Reeves. (N.T., 37). Jarobi heard the confrontation taking place and called 911. (N.T., 42). Jarobi Reeves also observed someone pointing a gun at Carlos Parker. (N.T., 40). Jarobi Reeves then witnessed [Bailey] running from police. (N.T., 44). Jarobi Reeves made an in-court identification of [Bailey] by matching his head shape with the one he observed by looking out of his window on the day of the incident. (N.T., 41).

The Commonwealth then presented testimony of Officer Nathan Ishman. (N.T., 84). Officer Ishman used the bucket lift of a fire truck to get on the roof of the same building where the magazine was found. (N.T., 87). On the slanted roof and in the gutter, Officer Ishman located the firearm. (N.T., 88-89).

The Commonwealth also presented the testimony of Tina Petrovitz. (N.T., 60). [Bailey] lived with Tina Petrovitz in the beginning of 2013. (N.T., 62). Tina Petrovitz was gifted a gun by her late husband in 2009. (N.T., 63). [Bailey] knew about the gun in the home. (N.T., 52). Tina Petrovitz reported the gun as stolen in 2013. (N.T., 62).

The Commonwealth presented the testimony of Officer Darrin Bates. (N.T., 107). Officer Bates testified that the gun recovered after the foot chase involving police and [Bailey] matched the gun that was reported stolen by Tina Petrovitz. (N.T., 122).

Tr. Ct. Pa.R.A.P. 1925(a) Op., 4/14/20, at 2-3.

Significantly, Carlos Parker also testified during Bailey's jury trial regarding his confrontation with Bailey. N.T. at 47-58. Parker explained that

on the night of the incident he was driving in his car with, among others, his girlfriend, who is also the mother of Bailey's child. *Id.* at 47. He noticed that Bailey's car was following his vehicle. *Id.* at 49. Parker asserted that after he parked and exited his car, Bailey got out of his car and pointed a gun at him. *Id.* at 53-54. Parker admitted that he also had a gun. *Id.* at 53. Parker testified that as Bailey ran when police arrived, he "threw the gun up." *Id.* at 56.

Ultimately, the jury found Bailey guilty of the above referenced charges and the trial court sentenced him to an aggregate term of four and one-half to 10 years' imprisonment, with five years of probation to be served consecutively. Bailey filed a timely PCRA petition in April 2019. After the PCRA court granted Bailey relief by reinstating his direct appeal rights in January 2020, he filed the instant timely notice of appeal. The trial court deemed Bailey's Pa.R.A.P. 1925(b) statement, filed on March 17, 2020, to be timely and filed a responsive Rule 1925(a) opinion on April 14, 2020.

Bailey raises the following issues for review:

> 1. Did the Commonwealth fail to present sufficient evidence to allow a jury to return a verdict of guilty on persons not to possess a firearm, theft by receiving stolen property, and tampering with evidence?
>
> 2. Did the trial court err in allowing an improper in-court identification of [Bailey]?
>
> 3. Did the trial court err in giving an improper and insufficient jury instruction of possession and constructive possession?

Bailey's Br. at 8.

In his first issue, Bailey argues that the evidence was insufficient to establish RSP and Persons not to Possess a Firearm because the Commonwealth failed to prove that he possessed the gun in question and possession is an element of both crimes. He also maintains that because the evidence did not establish possession, the conviction for Tampering with Evidence fails, for if he did not possess the firearm, "he could not have tampered with it." *Id.* at 14.

Bailey argues that Parker was personally biased against him due to Parker's relationship with Bailey's ex-girlfriend and therefore his testimony about observing him with a gun should have been discounted. Likewise, he contends that Reeves' testimony identifying him as possessing a gun should not have been considered because Reeves admitted he could not recognize the man he saw holding the gun except through "head shape," which is inherently unreliable. Lastly, Bailey argues that the Commonwealth failed to prove that he constructively possessed the gun because no one testified that that he discarded anything while he ran from police. To this end, he cites *Commonwealth v. Parrish*, 191 A.3d 31, 37-38 (Pa.Super. 2018).

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 217 A.3d 1254, 1256 (Pa.Super. 2019) (quoting *Commonwealth v. Bradley,* 69 A.3d 253, 255 (Pa.Super. 2013)). We review the evidence *de*

*novo*, but do not substitute our weighing of the evidence for that of the fact finder, who is free to believe all, part, or none of the evidence. **Commonwealth v. Hall**, 199 A.3d 954, 960 (Pa.Super. 2018), *appeal denied,* 206 A.3d 1028 (Pa. 2019). Testimony, whether corroborated or not, if believed by the fact finder, is sufficient to sustain a conviction as long as the testimony addresses every element of the crime. **See Commonwealth v. Johnson**, 180 A.3d 474, 481 (Pa.Super. 2018). So long as the prosecution presented evidence of each element of the crime, we will not find the evidence insufficient unless it is "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Miller**, 217 A.3d at 1256 (citation omitted).

To convict a defendant of Persons not to Possess Firearm, the Commonwealth must prove the defendant was previously convicted of an enumerated offense and was in possession of a firearm. **See Commonwealth v. Thomas**, 988 A.2d 669, 670 (Pa.Super. 2009). A defendant possesses an item if the defendant "knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." **See** 18 Pa.C.S.A. § 301(c).

RSP occurs when a person "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed of with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a); **Commonwealth v. Galvin**, 985 A.2d 783, 792 (Pa. 2009). "Receiving" in this

context is "acquiring possession, control or title" of the property. 18 Pa.C.S.A. § 3925(b). Tampering with Evidence occurs if a defendant, "believing that an official proceeding or investigation is pending or about to be instituted, . . . alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation[.]" 18 Pa.C.S.A. § 4910(1).

Here, the trial court properly concluded that the jury, as trier of fact, had ample evidence upon which to conclude that Bailey possessed the gun in question. Two eyewitnesses, Carlos Parker and Jarobi Reeves, testified that they saw Bailey with a gun. Parker said that Bailey ran and then threw the gun in the air. Police officers testified that they searched for the gun along the route Bailey ran and found it in a rooftop gutter of a house along the route. Additionally, the gun's owner, Tina Petrovitz, testified that Bailey had access to it and that she had reported it stolen prior to the instant criminal episode.

Hence, the jury was well within its purview to believe that the testimony presented by the Commonwealth established that Bailey possessed the gun in question. *See Hall*, 199 A.3d at 960; *Johnson*, 180 A.3d at 481. Indeed, because the jury could properly conclude that Bailey actually possessed the gun in question, Bailey's argument regarding constructive possession and *Parrish* is instantly inapposite. Bailey's challenge to the Tampering conviction fails, as possession is not an element of the offense, and in any event, the evidence established possession. Accordingly, we conclude that Bailey's

argument regarding the sufficiency of the evidence does not warrant relief. *See Miller*, 217 A.3d at 1256.

In his second, thinly developed claim, Bailey contends that the trial court erred by admitting Reeves' identification testimony. To this end, Bailey cites only to the legal test set forth in *Commonwealth v. McIntosh*, 476 A.2d 1316, 1319 (Pa.Super. 1984), regarding the factors necessary to consider whether a witness' in court identification testimony was based on observations of the defendant during the crime or due to the "witness's participation in an "uncounseled or suggestive pre-trial identification procedure."

"A trial court has broad discretion to determine whether evidence is admissible and a trial court's ruling on an evidentiary issue will be reversed only if the court abused its discretion." *Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa.Super. 2013) (citing *Commonwealth v. Cook*, 676 A.2d 639, 647 (Pa. 1996)). We do not disturb a ruling admitting evidence "unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill will, or such lack of support to be clearly erroneous." *Id*. (quoting *Commonwealth v. Minich*, 4 A.3d 1063, 1068 (Pa.Super. 2010)). As our scope of review over an evidentiary question is plenary, we may review the ruling within the context of the entire record. *Id.*

In this case, Bailey has waived review of this issue by failing to file a pre-trial motion to preclude Reeves' testimony or to make a timely objection to the testimony at the time of trial. *See* Pa.R.E. 103(a)(1); *Commonwealth v. Bryant*, 855 A.2d 726, 740 (Pa. 2004). In any event, Bailey's reference to

*McIntosh* is instantly unavailing because Bailey does not allege that Reeves participated in any "uncounseled or suggestive pre-trial identification procedure." *See McIntosh*, 476 A.2d at 1319. Further, the trial court aptly noted that any error in the admission of Reeves' testimony was harmless given the other identification testimony from Parker and the responding police officers. *See Commonwealth v. Manivannan*, 186 A.3d 472, 480 (Pa. Super. 2018) ("An evidentiary error of the trial court will be deemed harmless on appeal where the appellate court is convinced, beyond a reasonable doubt, that the error could not have contributed to the verdict") (citation omitted). Thus, Bailey's second issue also must fail.

In his third issue, Bailey presents a two-paragraph argument in which he seems to contend that the trial court delivered an inadequate jury instruction in regards to the legal precept of possession. However, Bailey fails to specify in the Argument section of his brief the manner in which he believes the instruction was incorrect, or cite the place in the record where the allegedly improper instruction appears. He instead put in his Statement of the Case a claim that "the trial court only explained that possession means intent and power to control. (N.T. 161, 169)." Bailey's Br. at 12. Bailey violated the appellate rules by including argument in his Statement of the Case, rather than in the Argument section, and also improperly failed to include a Statement of Questions Involved. *See* Pa.R.A.P. 2111(a), 2117(b).However, we will not penalize him for these failings, as they do not impede our review.

Nonetheless, his failure to cite any legal authority supporting his claim impedes our review. He merely gives a brief precis of the standard of review. This Court will not act as counsel and will not develop arguments on behalf of an appellant. Therefore, we conclude that Bailey's third issue is waived for lack of development. *See Commonwealth v. Charleston*, 94 A.3d 1012, 1022-23 (Pa.Super. 2014) (finding waiver where appellant failed to develop argument).

Moreover, Bailey's trial counsel did not object to the trial court's jury instruction at the time of trial. *See* N.T. at 164. In order to preserve a challenge to a jury instruction, the appellant must have objected to the instruction at trial. *See Commonwealth v. Spotz*, 84 A.3d 294, 317 n.18 (Pa. 2014) (citations omitted); Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate"). Hence, Bailey failed to preserve a claim regarding the trial court's jury instructions. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2020

- 9 -