J-S10025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STACY MOORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN BARCLAY | : | |
| | : | |
| Appellant | : | No. 1072 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 7, 2021
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  FC-2021-0020402-AB

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 15, 2022**

John Barclay appeals from his judgment of sentence entered after his conviction for indirect criminal contempt. Barclay's counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and a Petition to Withdraw as counsel. We affirm and grant counsel's petition to withdraw.

The trial court aptly set forth the underlying facts:

> By way of background, on May 14, 2021[,] by agreement without admission, [a Protection from Abuse ("PFA")] order was entered against [Barclay]. The order stated that [Barclay] "shall not abuse, harass, threaten, or attempt or threaten to use physical force against [Stacy Moore] or any other protected person in any place where they might be found" and evicted and excluded [Barclay] from a residence in Linden, Pennsylvania. The order permitted [Barclay] to return to the garage of the residence on Sunday, May 16, 2021 between 1:00 and 2:00 p.m. to retrieve certain property. [Moore] and her children would not be present at the residence during this period, but a third party could.

---

[*] Retired Senior Judge assigned to the Superior Court.

On May 16, 2021, between 1:00 and 2:00 p.m., [Moore] went to Weis Markets while [Barclay] retrieved as much of his property from the garage as would fit in his truck. When [Barclay] left the property a few minutes before 2:00 p.m., the third party called [Moore] and informed her that [Barclay] had left. [Moore] left the market, got into her vehicle, and began driving toward the residence.

As [Moore] was driving home, she observed [Barclay] in his red Dodge Ram truck in the opposite lane of travel. [Barclay's] truck veered suddenly into [Moore's] lane of travel. [Moore] went off the road and onto the shoulder to avoid [Barclay's] truck. [Barclay's] truck sharply turned back into its lane, sped up, and drove away. [Moore] stopped and called the police.

Tr. Ct. Pa.R.A.P. 1925(a) Op., 10/11/21, at 1-2.

Police responded to the scene and they charged Barclay with indirect criminal contempt of the PFA order. The court conducted a hearing on June 3, 2021, at which Barclay and Moore testified. Moore recounted the incident, stating that her daughter was traveling in her own car in front of her at the time. N.T. 6/3/21, at 6. She said that Barclay's truck came into her lane and forced her onto the shoulder. *Id.* at 12-13. She stated that she could see Barclay and that he gave her "a dirty look." *Id.* at 14. She asserted that she was afraid that Barclay intended to hurt or kill her *Id.* at 16.

Conversely, Barclay maintained that the incident was an accident. He claimed that he found his belongings, including some valuable plants, in a "big mess" in Moore's garage. *Id.* at 31. He contended that although he was angry and admittedly distraught, he did not intend to cross over into Moore's lane of traffic. He claimed he did so by accident because he was distracted by

- 2 -

problems with his cell phone reception and items falling on him in his tightly packed truck. *Id*. at 37.

The trial court found Moore's testimony to be credible but did not find Barclay's to be so. Tr. Ct. Op. at 4. It explained that Barclay's account contained inconsistencies and "simply did not make sense to the court." *Id.* Hence, following the June 2021 hearing, the court found Barclay guilty of indirect criminal contempt. On July 7, 2021, the court sentenced Barclay to pay the costs of prosecution, a $300 fine, and extended the PFA order by 2 years. The court also ordered Barclay to return Moore's garage door opener by mail.

Barclay filed a timely notice of appeal and both Barclay and the court complied with Pa.R.A.P. 1925. Barclay's counsel filed an *Anders* Brief identifying a single issue, which we set forth verbatim:

> Whether the Commonwealth presented sufficient evidence of all the elements of the charge, such that [Barclay] could be proven guilty of contempt beyond a reasonable doubt?

*Anders'* Br. at 7.

Before we assess the substance of the *Anders* brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;

> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel must provide a copy of the *Anders* brief to the client. Counsel must also send the client a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa.Super. 2014). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting *Anders*, 386 U.S. at 744).

Here, in the *Anders* brief, counsel provides a procedural and factual history of the case, with citations to the record, discusses the issues arguably supporting the appeal, and explains why counsel concludes those issues are frivolous. *Anders* Br. at 8-15. Counsel sent Barclay a copy of the *Anders* brief and a letter to advise him that he may raise any additional issues before this Court *pro se* or with private counsel. Accordingly, counsel's *Anders* brief and

letter to his client satisfies the necessary requirements.[1] Barclay has not filed any response to the *Anders* brief, either *pro se* or counseled through private counsel. We will therefore address the issue counsel has identified.

The lone issue counsel identifies in the *Anders* brief is a challenge to the sufficiency of the evidence. Counsel maintains that such a challenge is frivolous because the court was well within its purview to believe Moore's testimony rather than Barclay's. We agree.

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 217 A.3d 1254, 1256 (Pa.Super. 2019) (quoting *Commonwealth v. Bradley*, 69 A.3d 253, 255 (Pa.Super. 2013)). We review the evidence *de novo*, but do not substitute our weighing of the evidence for that of the factfinder, who is free to believe all, part, or none of the evidence. *Commonwealth v. Hall*, 199 A.3d 954, 960 (Pa.Super. 2018). As long as the prosecution presented evidence of each element of the crime, we will not find the evidence insufficient unless it is "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Miller*, 217 A.3d at 1256.

---

[1] Counsel initially filed a deficient *Anders* brief and a misleading letter to Barclay. However, after this Court issued orders requiring corrections, counsel filed corrected documents.

The four elements necessary to establish a claim of indirect criminal contempt are:

1) [T]he order must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;

2) [T]he contemnor must have had notice of the specific order or decree;

3) [T]he act constituting the violation must have been volitional; and

4) [T]he contemnor must have acted with wrongful intent.

***Commonwealth v. Baker***, 766 A.2d 328, 331 (Pa. 2001) (citation omitted).

Upon review, we agree with counsel that Barclay's sufficiency claim is wholly frivolous. The evidence the Commonwealth presented at trial demonstrated that there was an active PFA order against Barclay and in favor of Moore, that he had notice of the PFA, and that he acted in violation of the PFA, with the intent to harass Moore. Although Barclay claimed his action of swerving his vehicle into Moore's lane of traffic was not intentional, the court found his testimony not believable. Instead, the court believed Moore's testimony regarding her observations of Barclay and his intent to harass her with his car. The credibility of the witnesses is a matter squarely within the purview of the factfinder. ***See Hall***, 199 A.3d at 960. We thus agree that this issue is frivolous. Further, our independent review of the record does not yield any other issue of arguable merit.

Judgment of sentence affirmed. Petition to Withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2022