J-S41030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
                                :
        v.                      :
                                :
                                :
                                :
SHERRI DIANE EALY               :
                                :
        Appellant               : No. 73 WDA 2023

Appeal from the Judgment of Sentence Entered December 15, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0002170-2019


BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED: December 27, 2023**

Appellant, Sherri Diane Ealy, appeals from the judgment of sentence

entered on December 15, 2022, following her jury trial conviction for hindering

apprehension or prosecution pursuant to 18 Pa.C.S.A. 5105(a)(5).  We affirm.

The trial court summarized the facts of this case as follows:

At trial, Pennsylvania State Police Trooper Nicholas Dahlstrom
testified that he has worked for the State Police for approximately
four and a half (4½) years in the patrol unit.  On September 29,
2019, he began his shift at 6:00 a.m. and responded to a single
vehicle crash at 7:14 a.m.  When [Trooper Dahlstrom] arrived on
scene, [Appellant] and a nearby resident, Mr. [Roger] Whited,
were present.  The trooper talked with [Appellant] who told him
that "she was on her way home with her fiancée and that a deer
had run in front of her vehicle at which point she swerved to miss
the deer and crashed into a pole and then ultimately into a tree."
[Appellant] said that [her] fiancée was not present at the scene
because he went home to take care of their baby who was not in
the car with them.  At this point, the trooper wanted to speak with

---

* Former Justice specially assigned to the Superior Court.

the fiancée, so [Appellant] and [Trooper Dahlstrom] went to her residence. [Appellant] then told the trooper that she was the only person in the vehicle. The trooper never saw or spoke with a fiancée. The trooper then told [Appellant] that Mr. Whited, who testified at trial, told the trooper that he observed a male [limping] down School Street in Bruin [three minutes] after the crash.[1] [Appellant] then stated that [the male seen leaving the scene was] her son, Justin Ealy, who was in the car with her at the time of the crash.[2] [Appellant] told Trooper Dahlstrom three (3) different scenarios of what took place that morning.

At trial, [Appellant] and her son, Justin Ealy were tried jointly. *See Commonwealth v. Justin William Ealy*, CP-10-CR-0001819-2019. [A jury decided Appellant's case, while the trial court decided Justin Ealy's case from the bench]. [Justin] Ealy was charged with one count of driving under the influence as well as six (6) summary vehicle violations. [The trial court] found [Justin] Ealy guilty of four (4) violations.

Trial Court Opinion, 4/24/2023, at 3 (original record citations omitted).

Trial concluded on November 10, 2022. On December 15, 2022, the trial court sentenced to Appellant to one year of probation and a fine in the amount of $100.00. This timely appeal resulted.[3]

---

[1]  Whited identified Justin Ealy to the police, shortly thereafter, as the man he saw near the crash scene. N.T., 11/10/2022, at 28 and 48.

[2] Trooper Dahlstrom testified that he took Appellant to her residence, located less than a half a mile away from the accident, and asked Appellant to bring Justin Ealy outside. N.T., 11/10/2022, at 43. Trooper Dahlstrom "detected a strong odor of alcoholic beverage coming from him" and it appeared to him that Justin Ealy was under the influence of alcohol at the time. *Id.* at 46.

[3]  Because the thirtieth day of the appeal period fell on a Saturday, Appellant filed a timely notice of appeal on Monday, January 17, 2023. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); *see also* 1 Pa.C.S.A. 1908 (whenever the last day of the appeal period falls on a Saturday, Sunday, or legal holiday, such days shall be omitted from computation). On January 24, 2023, the trial
*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issues for our review:

I.      Whether the trial court erred when, during [] Appellant's criminal jury trial, it denied her oral motion for judgment of acquittal, given that the Commonwealth did not present evidence to the jury that would allow for a verdict that she hindered apprehension of her co-defendant[?]

II.     Whether the trial court erred by accepting the guilty verdict of the jury despite a lack of sufficiency of evidence by the Commonwealth concerning [Appellant's] charge that she hindered the apprehension of her co-defendant[?]

Appellant's Brief at 4.

Both of Appellant's issues are inter-related, so we will examine them together. Appellant argues that the trial court erred by not granting her oral motion for judgment of acquittal, and denying subsequent relief on her sufficiency claim, because the Commonwealth "failed to sufficiently adduce evidence capable of sustaining [her] conviction" when "it failed to show that Appellant had the requisite intent required[.]" *Id.* at 10. More specifically, Appellant contends that her "initial conflicting responses to [police] questioning did not impair [law enforcement's] ability to apprehend or track [] Appellant's co-defendant/son" and that she "did not misdirect" the police from discovering her son's location. *Id.* Appellant maintains that she did not

_____

court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After the trial court expressly granted extensions, Appellant filed a timely Rule 1925(b) statement on April 13, 2023. On April 24, 2023, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

delay or compromise apprehension, reported her son's location, and produced him to the police. *Id.* at 15. For her propositions, Appellant relies almost entirely on our Court's unpublished memorandum in *Commonwealth v. Mason*, 861 WDA 2019, 2021 WL 2288091 (Pa. Super. 2021)(unpublished memorandum), *appeal denied*, 265 A.3d 205 (Pa. 2021), to argue that Section 5101(a)(5) "was not intended to criminalize the giving of false or misleading answers to questions initiated by police." *Id.* at 13. Accordingly, Appellant asserts that there was insufficient evidence to support her conviction and the trial court erred in denying her requests for relief.

Our standard of review is as follows:

A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge. Therefore, in usual circumstances, we apply the following standard of review to sufficiency claims which arise in the context of a motion for judgment of acquittal:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim, the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

- 4 -

> *Commonwealth v. Stahl*, 175 A.3d 301, 303-304 (Pa. Super. 2017) (citations omitted and formatting altered). "In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." *Commonwealth v. Fabian*, 60 A.3d 146, 150-151 (Pa. Super. 2013) (citation omitted).

*Commonwealth v. James*, 297 A.3d 755, 764 (Pa. Super. 2023). "If the Commonwealth has presented some evidence of each element of the crime, we deem the evidence sufficient unless it is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Miller*, 217 A.3d 1254, 1256 (Pa. Super. 2019) (internal citation and quotations omitted).

Hindering apprehension or prosecution pursuant to 18 Pa.C.S.A. § 5105(a)(5) of the Crimes Code provides, in pertinent part, that "[a] person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime [], [s]he … provides false information to a law enforcement officer." 18 Pa.C.S.A. 5105(a)(5).

In interpreting Section 5105(a)(5), our recent published decision in *Commonwealth v. Holt*, 270 A.3d 1230 (Pa. Super. 2022), *appeal denied*, 279 A.3d 1192 (Pa. 2022), controls. In *Holt*, this Court initially noted that "[t]here [was] scant Pennsylvania case law interpreting the current version of Section 5105(a)(5)" and specifically examined a legislative amendment made in 1996. *Id.* at 1233. The *Holt* Court recognized that "the statute requires only the intent to hinder apprehension, not proof of actual hindrance." *Id.* at 1237. Examining the plain statutory language of Section 5105(a)(5), we ultimately determined that "one who makes false statements in response to a

police inquiry 'provides' false statements … within the ambit of Section 5105(a)(5)." *Id.* at 1235-1236. In so doing, the **Holt** Court expressly rejected reliance on our unpublished decision in **Mason**, **supra**, opining:

> We recognize that this Court reached a different result on similar facts in **Commonwealth v. Mason**, 861 WDA 2019, 2021 WL 2288091 (Pa. Super. June 4, 2021) (unpublished memorandum), *appeal denied*, 265 A.3d 205 (Pa. 2021). In **Mason**, this Court addressed the sufficiency of the evidence surrounding the appellant's conviction for hindering apprehension or prosecution, where the appellant [gave] a false statement to law enforcement in the same investigation of Rahmael Holt. There, the appellant, who was Mr. Holt's cousin, claimed that he had not seen Mr. Holt in weeks and that Mr. Holt was not welcome in his home. In a split decision, this Court reversed the appellant's conviction for hindering apprehension and vacated that judgment of sentence. The majority concluded that Section 5105(a)(5) "was not intended to criminalize the [communication] of false or misleading answers to questions initiated by police." **Id.** at *6. The majority explained that its review of the legislative history revealed no basis to conclude that the 1996 amendment to the statute was intended to broaden the scope of criminal behavior under the statute. **Id.** Rather, it held that the Commonwealth was required to prove the appellant intended to hinder or "throw police off track" in their investigation to apprehend Mr. Holt. Further, the majority indicated that Section 5105(a)(5) requires a causal connection between the conduct of the person alleged to have hindered apprehension and the actual apprehension of the suspect. **Id.** According to the majority, no such causal connection existed [] and the appellant's single false statement denying having seen Mr. Holt was insufficient to demonstrate that he intended to "throw police off track" or hinder the apprehension of Mr. Holt. **Id.**
>
> In a dissenting memorandum [in **Mason**], Judge [Mary Jane] Bowes took the same position [later] espouse[d] in [**Holt**]. **See id.** at *10-13.
>
> As the **Mason** decision was not published, [the **Holt** Court determined it was not] bound by [the **Mason**] holding. **See Commonwealth v. Phinn**, 761 A.2d 176, 180 (Pa. Super. 2000), *appeal denied*, 785 A.2d 89 (Pa. 2001) (explaining that

> unpublished memoranda of this Court have no precedential value beyond law of case as to parties directly involved in that appeal). ***See also*** Pa.R.A.P. 126(b) (stating unpublished memorandum from this Court filed after May 1, 2019 may be cited only for persuasive value).

***Holt***, 270 A.3d 1230, 1236 n.2.

Here, the trial court initially determined that Appellant waived her sufficiency claims for failing to specify which element or elements of the crime were insufficiently proved. Trial Court Opinion, 4/24/2023, at 2. Upon review, we agree that Appellant failed to properly preserve her sufficiency claim in her Rule 1925(b) statement. ***See Commonwealth v. McFarland***, 278 A.3d 369, 381 (Pa. Super. 2022), *appeal denied*, 291 A.3d 863 (Pa. 2023) ("It is settled that to preserve a sufficiency claim, the Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. If the appellant does not specify such elements, the sufficiency claim is deemed waived.") (internal citations and quotations omitted).

Regardless, Appellant's claim also lacks merit. Based upon our binding, published decision in ***Holt***, we reject Appellant's reliance on ***Mason***. Appellant twice told the police that her son was not at the accident scene, but she later told police, and also testified at trial, that he was a passenger when she crashed the vehicle. N.T., 11/10/2022, at 81. On cross-examination at trial, Appellant admitted that she lied to the police by telling them that her fiancée was present at the time of the accident rather than her son, in order to protect her son who was "out on bond" on an unrelated matter at the time. ***Id.*** at 84-91 ("Yeah, I lied saying somebody else was with me, yes."). While

Appellant currently characterizes her various versions of events, made in statements to police as their investigation evolved, as merely "conflicting," the jury, as fact-finder, was free to infer that Appellant provided false statements to law enforcement with the intent to hinder her son's apprehension. Moreover, we conclude that the evidence adduced at trial was sufficient to support the jury's finding. Finally, to the extent Appellant argues the evidence was insufficient because her statements did not impair the efforts by law enforcement to apprehend Jason Ealy, Section 5105(a)(5) requires only the **intent** to hinder apprehension, not proof of actual hindrance. **See Holt**. For all of the foregoing reasons, we discern no trial court error in denying Appellant's requests for relief based upon the sufficiency of the evidence presented at trial.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/27/2023